**BROADCAST MUSIC, INC., Plaintiff,**

v.

**ALLEN–GENOA RD. DRIVE–IN, INC.
d/b/a Gold Club, Defendant.**

**Civ. A. No. H–81–2900.**

United States District Court,
S.D. Texas,
Houston Division.

May 4, 1983.

Judgment Jan. 9, 1984.

Harvey Stuart, Stuart & Zavin, New York City, Stuart Nelkin, Nelkin & Nelkin, Houston, Tex., for plaintiff.

William B. Clarkson, Clarkson & Cohn, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This is an action for infringement of nine (9) copyrights in and to musical compositions performed on a juke box located at defendant's place of business located in Houston, Texas. This action arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, and this court has jurisdiction pursuant to 28 U.S.C. § 1338(a). Presently pending before this court is plaintiff's motion for summary judgment under rule 56(a) of the Federal Rules of Civil Procedure. This court has reviewed the motion and affidavits attached thereto, the pleadings, plaintiff's request for admissions, and defendants response thereto and, finding no genuine issue as to any material fact, is of the opinion that plaintiff's motion for summary judgment should be granted.

Plaintiff, Broadcast Music, Inc. ("BMI" or "plaintiff") is a performing-rights licensing organization that has agreements with independent writers and publishers to obtain from them the public performing rights in the copyrighted music that they created. BMI licenses the public performing rights in its copyrighted music to broadcasters, hotel owners, restaurants, and other public establishments, such as nightclubs and lounges, by the issuance of non-discriminatory license agreements directly to such establishments. With respect to public performances of BMI's copyrighted music via coin-operated phonorecord players (juke boxes), such public performances are subject to a compulsory license, which is obtainable by juke box operators by the registration and payment of an annual licensing fee for each box to the register of copyrights in January of each year, as set forth at 17 U.S.C. § 116. Copyright registration stickers must be displayed on the juke box, as required by 17 U.S.C. § 116(b)(1)(C). BMI, as one of the "principal performing rights societies" referred to at 17 U.S.C. § 116(c)(4), is a recipient of a significant portion of the total net licensing fees distributed annually by the Copyright Royalty Tribunal pursuant to the statute. The monies collected by BMI are distributed by BMI to its affiliated writers and publishers located throughout the United States.

The defendant, Allen-Genoa Rd. Drive-In, Inc., d/b/a Gold Club ("Allen-Genoa" or "defendant") is the proprietor of an establishment at which a juke box is located and in operation. On July 22, 1981, BMI's field investigator personally noted and logged the public performances of BMI-controlled musical compositions on the juke box at defendant's establishment, which juke box displayed no registration sticker. On September 24, 1981, BMI's attorney wrote to Allen-Genoa to inquire as to the identity of the operator of the reportedly unregistered juke box. As provided by 17 U.S.C. § 116(a)(1)(B), the letter of inquiry was sent by certified mail, return receipt requested, and was received on September 28, 1981. No response to this letter was ever received by BMI or BMI's attorney.

The essential elements of copyright infringement are

(1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in this action; (4) that the compositions were performed publicly for

profit [at the location alleged]; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

*Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980), *citing Shapiro, Bernstein & Co. v. The Log Cabin Club Asso.,* 365 F.Supp. 325, 328 n. 4 (N.D. W.Va.1973).

The uncontroverted affidavit of BMI's Assistant Vice-President, Elizabeth Granville, which incorporates "Schedule I" of the Complaint (containing the name of each musical composition, along with the writers, publishers, date of registration, registration number, date of transfer of each composition), establishes the first three elements: originality and authorship of the compositions, compliance with requirements required to secure a copyright, and plaintiff's proprietorship of the copyrights. Furthermore, defendant, in its response to plaintiff's Request for Admissions, has admitted that it has no knowledge or information that is contrary to any of the facts as to authorship, copyright, assignments, and transfers of the musical compositions as asserted by plaintiff in the complaint. Thus, there is no issue of fact concerning these elements of plaintiff's claim.

With respect to the fourth requirement, that the compositions be performed publicly for profit at the location alleged, the affidavit of BMI's field investigator, Ollie Henry, establishes that each of the compositions were played. Defendant cannot create a factual dispute by simply denying, in response to plaintiff's request for admissions, that such compositions were available for playing. *See Fed.Rules Civ.Pro.* Rule 56(e).

Finally, the uncontroverted affidavit of BMI's Assistant Vice President establishes the fifth element, that defendant was not given the permission or consent of BMI or of the respective copyright proprietors for the public performance of the musical compositions. This also is not disputed by defendants.

Under 17 U.S.C. § 116(a)(1), a proprietor of an establishment may be held liable for copyright infringement if the "proprietor is the operator of the phonorecord player" or if "such proprietor refuses or fails; within one month after receipt by registered or certified mail of a request, at a time during which the [registration certificate] is not affixed to the phonorecord player, by the copyright owner, to make full disclosure, by registered or certified mail, of the identity of the operator of the phonorecord player." 17 U.S.C. § 116(a)(1)(A), (B). Defendant admitted, in response to plaintiff's Request for Admissions, that there was no copyright registration certificate affixed to the juke box on the date of the alleged infringement. In the same Request for Admission, defendant did not deny the request for admission that defendant failed to make disclosure to BMI or BMI's attorney as to the identity of the operator of the juke box within one month of receipt of BMI's letter. Rather, defendant simply stated: "Turned the letter over to the Music Company who owns the vending machine to talk to you people." Thus, there is no factual issue that defendant failed to respond to plaintiff's inquiry within the required time. The uncontroverted affidavit of BMI's attorney, Jonathan Zavin, states that neither he nor BMI received any response to his September 1981 letter from defendant or any other person prior to commencement of the present litigation.

Because there exists no genuine issue as to any material fact plaintiff's motion for summary judgment should be granted. Plaintiff is entitled to an injunction against further infringement under 17 U.S.C. § 502(a). In addition plaintiff is entitled to statutory damages of not less than $250.00 nor more than $50,000. for each copyright infringement under 17 U.S.C. § 504(c), and full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment be, and the same hereby is GRANTED, and that defendant be enjoined from further infringement and plaintiff be

granted statutory damages, full costs, and reasonable attorneys fees, to be set out in a final judgment of this court following a hearing on attorneys fees.

### JUDGMENT

ORDERED, ADJUDGED and DE-CREED:

1. That the Plaintiff Broadcast Music, Inc. recover from the Defendant, Allen-Genoa Rd. Drive-In, Inc., d/b/a Gold Club, statutory damages in the amount of $1,000.00 per copyright infringement alleged in the complaint, for a total in statutory damages of $9,000.00 and interest thereon of $1,215; and

2. That the Defendant, Allen-Genoa Rd. Drive-In, Inc., d/b/a Gold Club, its agents, servants and employees be and they hereby are permanently enjoined from further infringements of Plaintiff's copyrights; and

3. That the Plaintiff in addition recover from the Defendant Plaintiff's attorneys' fees in the amount of $3,386.25 and Plaintiff's costs of court.