**BROADCAST MUSIC, INC., Plaintiff,**

v.

**PINE BELT INVESTMENT DEVELOPERS, INC., d/b/a Studebaker's, Defendant.**

**Civ. A. No. H86–0054(R).**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

April 1, 1987.
Final Judgment April 13, 1987.

James R. Hayden, Hattiesburg, Miss., for plaintiff.

Michael B. McDermott, Biloxi, Miss., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, JR., District Judge.

This cause is presently before this Court on motion of the plaintiff, Broadcast Music, Inc. (hereinafter referred to as "BMI"), for Summary Judgment on all claims against the defendant, Pine Belt Investment Developers, Inc., d/b/a Studebaker's (hereinafter referred to as "Pine Belt Investment"). The plaintiff's motion was filed on November 14, 1986, and service of process was had on the defendant Pine Belt Developers. On March 2, 1987, this Court granted the defendant twenty (20) days additional time to respond to the plaintiff's summary judgment motion. As of the rendering of this opinion, the defendant still has failed to respond.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the movant shows the Court that it is entitled to summary judgment as a matter of law, the burden shifts to the resisting party to show why summary judgment is not proper. *Nicholas Acoustics and Specialty Co. v. H & M Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983). The nonmovant is then obligated to present competent evidence setting forth specific facts to illustrate the existence of a genuine issue of any material fact for trial. *Id.* The record reflects an answer to the complaint, however, this does not create a genuine dispute simply by

alleging that a dispute exists. "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment. '[T]he requirement is that there be no *genuine* issue of *material* fact.'" *St. Amant v. Benoit*, 806 F.2d 1294, 1296–1297 (5th Cir.1987) (quoting *Anderson v. Liberty Lobby*, 477 U.S. ——, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986)) (emphasis in original). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" Fed.R.Civ.P. 56(e) (emphasis added).

> [B]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.' *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.*, 695 F.2d 839, 845 (5th Cir. 1983).

*Howard v. City of Greenwood, Mississippi*, 783 F.2d 1311, 1315 (5th Cir.1986). A careful review of the submitted affidavits, Proposed Findings of Fact and Conclusions of Law, and pleadings moves this Court to find the following uncontroverted facts and conclusions of law.

## A. PROCEDURAL HISTORY

On March 18, 1986, the plaintiff filed a complaint alleging the defendant, Pine Belt Investment Developers, Inc., d/b/a Studebaker's, violated 17 U.S.C. § 101, *et seq.*, by infringing upon plaintiff's copyright in and to the public performance rights to various musical compositions. Original jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1338(a) as pertains to copyrights. Venue is proper in this district, as provided in 28 U.S.C. § 1400, as this action may be instituted in the district in which the de-

fendant or his agent resides or may be found.

A discovery request was served upon the defendant on or about May 6, 1986. The Requests for Admissions requested the defendant to admit that the subject musical compositions were performed as alleged and that the plaintiff had the right to license the compositions as the owner of the public performance rights of the musical compositions.

The Request for Admissions also requested the defendant to admit that they had received proposed license agreements and correspondence and visits from the plaintiff concerning music owned by the plaintiff which the defendant was publicly performing or airing. The plaintiff also included in the Request for Admissions that the defendant admit that the proposed license agreements were not returned to the plaintiff executed or with royalty payments, and that a certain amount per hour was reasonable attorney's fees.

The defendant, Pine Belt, never responded to the Discovery Request propounded to them, including Interrogatories, as provided in Fed.R.Civ.P. 33, and Requests for Admissions as provided in Fed.R.Civ.P. 36(a). A matter is admitted unless within 30 days after service of the request, or any other time frame the Court may allow, the party to whom the request is directed serves in response a written answer or objection to the matter. Fed.R.Civ.P. 36(a). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission;" no such permission has been requested from the Court. Fed.R. Civ.P. 36(b).

The plaintiff submits that as no response was filed by the defendant, they are unable to deny that the musical compositions upon which summary judgment is sought were publicly performed or aired as alleged in the plaintiff's complaint, or that the plaintiff had the right to license the compositions. In fact, the only response to the complaint in the record is an answer filed by Mr. George T. Lewellyn, who is represented to be one of the incorporators and stockholders of the defendant corporation. It is not clear to the Court whether Mr. Lewellyn's answer was on his own behalf or of that of the corporation; however, in any event, Mr. Lewellyn has not responded any further.

### B. PLAINTIFF'S AFFIDAVITS

The plaintiff has submitted three Affidavits in Support of their summary judgment motion. Stanley Catron, a Vice-President of BMI, states in his Affidavit that at all times concerning this lawsuit, BMI was and still is the licensee of the right to publicly perform the copyrighted musical compositions enumerated in the complaint, and that each of the agreements entered into between BMI and the publishers listed on the attached Schedule I provide that BMI may institute an action for copyright infringement arising from the unauthorized public performance of their musical compositions. This Affidavit incorporates the Schedule I of the thirteen claims of infringement, and sets forth that on the date of the public performance of the musical compositions in question, the publisher had complied with the copyright laws, as provided in Title 17 of the United States Code, and had received a certificate of registration from the Registrar of Copyrights. It sets forth that on the dates of the alleged infringements the musical compositions were copyrighted and BMI had been assigned the rights of performance to this music.

The Affidavit of Paul Bernard, Regional Director of Licensing for Broadcast Music, stated his efforts to get Studebaker's to execute a license in order for the performance of music at Studebaker's to be lawful as the music was being utilized without a license from BMI or permission from the copyright owners whose music was being publicly performed. Bernard states in his Affidavit that on March 29, 1985, May 10, 1985, October 17, 1985, and November 22, 1985, BMI wrote to the establishment and advised that a license was required from BMI in order for the performance of music in the BMI repertoire to be lawful. Also forwarded was material setting forth the rights of copyright owners and the obli-

gations of any users of the music to obtain permission. Bernard also stated that the defendant establishment was advised that BMI represented more than 55,000 writers and publishers, and that BMI had the right to license approximately one million musical compositions. Bernard states that at this stage license agreements were tendered to Studebaker's. Studebaker's did not respond.

Subsequently, on May 24, 1985, a mailgram was sent to Studebaker's instructing the establishment to cease and desist the performance of the BMI licensed music, and from February, 1985, to April, 1985, people associated with Studebaker's received telephone calls and personal contacts from BMI representatives concerning the public performance of the music in BMI's control; however, the defendant continued to use the music without entering into a licensing agreement or otherwise obtaining permission. Bernard states that he authorized Murphy Laiche to make a written report of the music being publicly performed at Studebaker's. Laiche visited Studebaker's on August 21, 1985, and made a written report of the music being performed there. As of Bernard's deposition in October, 1986, no license had been obtained by Studebaker's who was believed to have still been using the music without a license from BMI or permission from the copyright owners.

The Affidavit of Murphy Laiche states that he witnessed the subject musical compositions being publicly performed or aired at the defendant's place of business on the dates in question in this lawsuit, specifically on the evening of August 21, 1985.

### C. UNCONTROVERTED FACTS

1. BMI, a performing rights organization, recognized as such under the copyright act, has entered into agreements with copyright owners or their licensees, and either owns or has the right to license musical compositions.

2. BMI is the owner or assignee of the copyrights to the musical compositions listed in Schedule I to the Complaint filed in this cause; and, each musical composition listed in Schedule I has been copyrighted by the Registrar of Copyrights for the United States of America.

3. BMI licenses the performance of such copyrighted musical compositions, at establishments like the defendant's, primarily by means of a blanket general licensing agreement. The defendant did not have a licensing agreement from the plaintiff permitting the public performance of the musical compositions in Schedule I on the day of the alleged infringement.

4. The defendant operates and maintains Studebaker's at which on August 21, 1985, the following copyrighted musical compositions, as included in Schedule I of the Complaint and documented in the Affidavit of Murphy Laiche, were publicly performed without a license:

Claim No.
(1) "Ain't No Sunshine";
(2) "Baby Love";
(3) "Dance To The Music";
(4) "Heaven Must Have Sent You";
(5) "I Hear A Symphony";
(6) "I Love How You Love Me";
(7) "Jackie Blue";
(8) "Let's Spend The Night Together";
(9) "Love Me Tender";
(10) "Somebody To Love";
(11) "Sound of Silence";
(12) "Stop! In The Name of Love"; and
(13) "You Can't Always Get What You Want".

5. The plaintiff further submits as an uncontroverted fact that the defendant does not keep any records or documents indicating which musical compositions are publicly performed at their place of business. The defendant has not presented to the Court any such documentation to refute this finding although in the answer submitted by Mr. Lewellyn it was denied that the thirteen (13) compositions in Schedule I were performed in the establishment.[1]

1. Mr. Lewellyn denied in this answer all allegations in the complaint, including paragraphs IV–X, and the plaintiff's prayer. He admitted only paragraphs I–III, wherein the proper statutes setting forth copyright jurisdiction and venue sections were alleged, as well as allegations

However, in not responding to the plaintiff's Request for Admissions, the defendant has admitted records were not kept of the music played at Studebaker's, including specifically the night in question.

## D. COPYRIGHT INFRINGEMENT ISSUE

The essential elements of copyright infringement were set out in *Broadcast Music, Inc. v. Allen-Genoa Rd. Drive-In, Inc.,* 598 F.Supp. 415 (S.D.Tex.1983). They include:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the compositions involved in this action; (4) that the compositions were performed publicly for profit [at the location alleged]; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.
>
> *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980), *citing Shapiro, Bernstein & Co. v. The Log Cabin Club Asso.,* 365 F.Supp. 325, 328 n. 4 (N.D.W.Va.1973).

*Broadcast Music, Inc.,* 598 F.Supp. at 416–417.

The first three elements, originality and authorship of the compositions involved, compliance with formalities required to secure a copyright, and plaintiff's ownership of the copyrights, are established in the affidavit of Stanley Catron, a Vice-President of BMI. In his affidavit, Catron incorporates Schedule I of the Complaint, which contains the name of each musical composition, and its respective writer, publisher, date of registration, registration number, the date of the transfer of each composition, and a specific documented date of

infringement. To prevail on a claim of copyright infringement, a plaintiff must show:

> proof of 'ownership' of copyrighted material by plaintiff and proof of 'copying' by the defendant. *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1375 (5th Cir.1981). 'Ownership' of copyrighted material in turn, is shown by proof of originality, copyrightability, and compliance with applicable statutory formalities.

*Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 387 (5th Cir.1984). Moreover, the defendant has admitted, by not responding to plaintiff's Request for Admissions, that it has no knowledge, evidence, or information, documentary or otherwise, which indicates that the plaintiff was not on August 21, 1985, and is not at present, the owner of the public performance rights of each of the musical compositions as set forth in Schedule I of the complaint herein or as pertains to any of the facts as to authorship, copyright, assignments and transfers of the musical compositions as set out in Schedule I of the plaintiff's complaint.

The fourth element, that the musical compositions be performed publicly at the location alleged, Studebaker's, is established in the affidavits of Paul Bernard and Murphy Laiche. Bernard, a Regional Director of Licensing of BMI, authorized Laiche to visit Studebaker's and to make a written report of music performed at Studebaker's. Laiche reported thirteen (13) compositions were performed publicly in lieu of profit at Studebaker's on August 21, 1985.[2]

The fifth element, that the defendant had not received permission from BMI or any of its representatives to perform the music, is established in the affidavit of Paul Bernard, the Regional Director of Licensing.

that BMI is bringing thirteen (13) claims of copyright infringements which allegedly occurred at the defendant's establishment, Studebaker's, located in Hattiesburg, Mississippi.

2. The general denials by Mr. Lewellyn, including that the defendant did not infringe the copyrights of the plaintiff on the dates in question,

without a license from the plaintiff, are not enough to create a factual dispute and preclude a granting of summary judgment. Fed.R.Civ.P. 56(e); *See also Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983).

Bernard's affidavit provides that although on several occasions prior to August 21, 1985, the defendant was advised a license was required from BMI for the performance of the music to be lawful, the defendant never entered into an agreement, and the defendant has never received permission or consent of BMI or the respective copyright owners for the public performance of the compositions.

This Court is of the opinion that there exists no genuine issue of any material fact and that the plaintiff's motion for summary judgment should be granted. In addition, the plaintiff has requested that this Court permanently enjoin and restrain the defendant, and its agents, from infringing all of the copyrights of the plaintiff pursuant to 17 U.S.C. § 502(a); that this Court grant the plaintiff statutory damages, not less than the minimum of Two Hundred Fifty Dollars ($250.00) nor more than Fifty Thousand Dollars ($50,000.00) for each copyright infringement pursuant to 17 U.S.C. § 504(c), and full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

Accordingly, the plaintiff's Motion for Summary Judgment should be granted. The plaintiff is entitled to an injunction against further infringement under 17 U.S.C. § 502(a). Moreover, BMI, the copyright owner, has sustained the burden of proving, and the Court finds that the defendant, Pine Belt Investment Developers, Inc., d/b/a Studebaker's, was on notice that the public performance of the musical compositions at issue was unlawful without a license. Therefore, as elected by the plaintiff, the statutory award of damages shall be no less than the minimum sum of Two Hundred Fifty Dollars ($250.00) and no more than the maximum sum of Fifty Thousand Dollars ($50,000.00), pursuant to 17 U.S.C. § 504(c)(2).

Additionally, the plaintiff shall be granted full costs and attorney's fees pursuant to 17 U.S.C. § 505. However, the award of attorney's fees shall be set out in a final judgment of this Court following the submitting of affidavits stating the prevailing rate of reasonable attorney's fees in this area, the relative years of practice of the attorney or attorneys involved, and the type of research involved in a case such as the one at present.

## FINAL JUDGMENT

This cause having come on to be heard on the Plaintiff's Motion for Summary Judgment, and the Court having heard and considered same and having reviewed the briefs and affidavits on file herein, and being fully advised in the premises, does find that Plaintiff's Motion for Summary Judgment should be sustained. In view of the foregoing, it is,

ORDERED AND ADJUDGED that the Motion for Summary Judgment filed by Broadcast Music, Inc. should be, and the same is hereby sustained and granted. It is further,

ORDERED AND ADJUDGED that the Plaintiff recover of and from the Defendant, Pine Belt Investment Developers, Inc., d/b/a Studebaker's, infringement damages of One Thousand and NO/100 Dollars ($1,000.00) for each of the thirteen (13) infringements complained of, for a total of Thirteen Thousand and NO/100 Dollars ($13,000.00). It is further,

ORDERED AND ADJUDGED that the Plaintiff be awarded its attorney's fees and costs as set out in the affidavit on file herein of Two Thousand, Six Hundred Twenty-Five and 32/100 Dollars ($2,625.32). It is further,

ORDERED AND ADJUDGED that the Court's opinion of April 1, 1987 is incorporated herein by reference. It is further,

ORDERED AND ADJUDGED that the Order Granting Summary Judgment in favor of the Plaintiff in this cause, which Order has previously been entered by this Court, be and the same is hereby made final by entry of this Judgment. It is further,

ORDERED AND ADJUDGED that final judgment is entered herein for the Plaintiff, Broadcast Music, Inc., against the Defendant, Pine Belt Investment Developers, Inc., d/b/a Studebaker's, for the total sum of Fifteen Thousand, Six Hundred Twenty-Five and 32/100 Dollars ($15,625.32), plus

the court costs of this proceeding with interest thereon at the legal rate from the date of judgment until paid, for all of which let execution or other appropriate process issue. It is further,

ORDERED AND ADJUDGED that the Defendant and all persons acting under its direction, control, permission or authority be enjoined and restrained from further infringements of Plaintiff's copyrights.