BROADCAST MUSIC, INC.,
et al., Plaintiffs,

v.

SONNY INVESTMENT ASSOCIATES,
INC., et al., Defendants.

No. 92–CV–810A(H).

United States District Court,
W.D. New York.

June 2, 1994.

---

Steven Feder, Relin & Goldstein, Rochester, NY, Ted H. Williams, Scolaro, Shulman, Cohen, Lawler & Burstein, Syracuse, NY, for plaintiffs.

Richard D. Grisanti, Buffalo, NY, for defendants.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B) on May 25, 1993. On June 3, 1994, Magistrate Judge Heckman filed a Report and Recommendation recommending that:

(1) plaintiff's motion for summary judgment be granted;

(2) that judgment be entered against defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, for statutory damages in the amount of $2,000 for each of the thirteen musical compositions infringed, for a total of $26,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1);

(3) that the Court allow plaintiffs to recover full costs in this action, including reasonable attorney's fees in the amount of $2,100 from defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, pursuant to 17 U.S.C. § 505;

(4) that the Court allow plaintiffs to recover from defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, interest on the full amount of the judgment from the date of entry of judgment, pursuant to 28 U.S.C. § 1961; and

(5) that defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, and their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing in any manner, any copyrighted musical compositions licensed by Broadcast Music, Inc., pursuant to 17 U.S.C. § 502.

The Court having carefully reviewed the Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

■ ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation,[1] plaintiff's motion for summary judgment is granted;

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment against defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, for statutory damages in the amount of $2,000 for each of the thirteen musical compositions infringed, for a total of $26,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1);

IT IS FURTHER ORDERED that defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, shall pay to plaintiffs full costs in this action, including reasonable attorney's fees in the amount of $2,100, pursuant to 17 U.S.C. § 505;

IT IS FURTHER ORDERED that defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, shall pay interest on the full amount of the judgment from the date of entry of judgment, pursuant to 28 U.S.C. § 1961; and

IT IS FURTHER ORDERED that defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, and their agents, servants, employees and all persons acting under their permission or authority are permanently enjoined and restrained from infringing in any manner, any copyrighted musical compositions licensed by Broadcast Music, Inc., pursuant to 17 U.S.C. § 502.

IT IS SO ORDERED.

---

1. The Clerk of the Court for the Western District of New York received a letter from defendants' counsel on June 13, 1994, raising an "informal objection" to the Report and Recommendation. As stated in the letter, "[t]he following objection is informal because it is not based on any findings or dispute in law but is based on a dispute regarding Page 3, first paragraph."

28 U.S.C. § 636(b)(1), requires that any objections are to be filed with the Clerk of the Court within ten days after receipt of a copy of the Report and Recommendation. Local Rule 30(a)(3), of the Local Rules for the United States District Court for the Western District of New

HECKMAN, United States Magistrate Judge.

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned by Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1) for all pretrial matters and to hear and report on dispositive motions. Plaintiffs have moved for summary judgment pursuant for Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, it is recommended that plaintiffs' motion be granted.

### *BACKGROUND*

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" expressly recognized in § 116 of the Copyright Act as "an association or corporation that licenses the public performance of nondramatic musical works on behalf of copyright owners...." 17 U.S.C. § 116(e)(3). The other plaintiffs are the owners of the copyrights in thirteen musical compositions which the complaint alleges were publicly performed without a licensing agreement, in violation of the Copyright Act. The public performances occurred on May 20, 1992 and June 12, 1992 at Merlin's, a bar owned by defendants and located at 727 Elmwood Avenue, Buffalo, New York (Declaration of Robert Avino, Item 11).

Between January, 1992 and July, 1992, BMI sent defendants several letters advising them of the Copyright Act's licensing requirements, as well as the statutory damages for public performance of copyrighted music without permission of the composers and publishers (Declaration of Lawrence E. Stevens, Item 10, Exs. A–E). In addition, be-

York requires that "written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the basis for such objection and should be supported by legal authority."

The letter submitted by defendants' counsel fails to comply with both 28 U.S.C. § 636(b)(1), and Local Rule 30(a)(3), as it was not filed with the Clerk of the Court and, as the letter itself states, it is not based on any findings or dispute in law. Therefore, the Court has not considered the letter from defendants' counsel in its determination to adopt the findings of the Report and Recommendation.

tween January and April of 1992, BMI offered to grant defendants a license for public performance of musical compositions at Merlin's, and forwarded informational brochures, license fee schedules and license agreement forms for this purpose (*id.*). Defendants did not respond to these offers and notices, and did not enter a licensing agreement with BMI. On April 8, 1992, BMI sent defendants a letter instructing them to cease public performances of BMI-licensed music (*id.*, Ex. C).

On May 20, 1992 and June 12, 1992, BMI investigator Robert Avino was present at Merlin's and made written reports of the musical compositions performed by live bands on those dates (Item 11). BMI claims non-exclusive public performance rights to thirteen of the compositions performed at Merlin's on those dates, through "blanket licensing agreements" granted by the owners of the copyrights to those songs (*see* Declaration of Judith M. Saffer, Item 7, and copyright registration certificates attached thereto).

Plaintiffs commenced this action for copyright infringement on December 7, 1992 (Item 1). Defendants answered the complaint on or about May 10, 1993 (Item 4). Plaintiffs filed their motion for summary judgment on January 19, 1994. Defendants did not file a response to this motion, nor did defendants' counsel oppose the motion at oral argument before the undersigned on May 10, 1994.

### DISCUSSION

■ Summary judgment is appropriate if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. Ann Taylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). A dis-

pute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248, 106 S.Ct. at 2510; *see Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

■ Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor. *Bryant v. Maffucci*, *supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). In order to avoid summary judgment, therefore, the nonmoving party is under the obligation "to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burke v. Bevona*, 931 F.2d 998, 1001 (2d Cir.1991). As provided in Rule 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

Fed.R.Civ.P. 56(e) (emphasis added).

■ The essential elements of a copyright infringement claim include:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the compositions involved in this action; (4) that the compositions were performed publicly for profit [at the location alleged]; and (5) that the defendants had not received permission from any of the plaintiffs

or their representatives for such performance.

*Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 657 F.Supp. 1016, 1020 (S.D.Miss.1987) (quoting *Broadcast Music, Inc. v. Allen–Genoa Rd. Drive–In, Inc.,* 598 F.Supp. 415, 416–17 (S.D.Tex.1983)). Upon review of the pleadings and materials submitted in support of this motion, I find that plaintiffs have established these elements with respect to the thirteen compositions for which copyright infringement is claimed.

The first three elements are established by the declaration and exhibits submitted by Judith M. Saffer, BMI's Assistant General Counsel (Item 7). The fourth element is established by the declaration of investigator Robert Avino (Item 11). The fifth element is established by the declaration of Lawrence Stevens, BMI's Eastern Center Director (Item 10). Defendants have failed to offer any proof to show that there is a genuine issue of fact regarding to any of these elements.

I also find that plaintiffs' requests for injunctive relief under 17 U.S.C. § 502(a), for statutory damages under 17 U.S.C. § 504(c), and for attorney's fees and costs under 17 U.S.C. § 505 (*see* Affidavit of Ted H. Williams, Item 9) are reasonable and appropriate. *See, e.g., F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952); *Broadcast Music, Inc. v. Pine Belt Inv. Developers, supra,* 657 F.Supp. at 1021–22; *Broadcast Music, Inc. v. Niro's Palace, Inc.,* 619 F.Supp. 958, 963 (N.D.Ill.1985).

### CONCLUSION

For the reasons set forth above, it is recommended that plaintiffs' motion for summary judgment (Item 7) be granted.

It is further recommended that judgment be entered against defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, for statutory damages in the amount of TWO THOUSAND DOLLARS ($2,000.00) for each of the thirteen musical compositions infringed, for a total of TWENTY–SIX THOU-

SAND DOLLARS ($26,000.00) in statutory damages, pursuant to 17 U.S.C. § 504(c)(1).

It is further recommended that the court allow plaintiffs to recover full costs in this action, including reasonable attorney's fees in the amount of TWO THOUSAND ONE HUNDRED DOLLARS ($2,100.00), from defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, pursuant to 17 U.S.C. § 505.

It is further recommended that the court allow plaintiffs to recover from defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle, jointly and severally, interest on the full amount of the judgment from the date of entry of judgment, pursuant to 28 U.S.C. § 1961.

It is further recommended that defendants Sonny Investment Associates, Inc., Michael V. Tomasula and David A. Doyle and their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, any copyrighted musical compositions licensed by Broadcast Music, Inc., pursuant to 17 U.S.C. § 502.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written ob-

jections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the plaintiffs and the defendants.

**SO ORDERED.**

**DATED: Buffalo, New York**
       **June 2, 1994**