CRITERION MUSIC CORP., et al., Plaintiffs,

v.

BIGGY'S, INC. and Robert Everett, Defendants.

No. 87–4298–R.

United States District Court, D. Kansas.

Nov. 14, 1988.

Edward L. Bailey, Cosgrove, Webb & Oman, Topeka, Kan., for plaintiffs.

Robert Everett, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a copyright infringement action brought by the plaintiffs against defendants Biggy's, Inc. and Robert Everett. Biggy's is a nightclub located in Wichita, Kansas. Everett is president of Biggy's, Inc. This matter is presently before the court upon plaintiffs' motion for summary judgment.

Plaintiffs are the owners of certain copyrighted musical compositions. They contend that their copyrighted musical compositions were performed at Biggy's on June 27 and 28, 1987 without their permission. They seek injunctive relief, statutory damages, attorneys' fees and costs.

Plaintiffs contend that they are entitled to summary judgment based on the record before the court. Plaintiffs point to the affidavits they have filed in support of their motion and the failure of the defendants to respond to their requests for admissions. Defendants have not properly responded to the plaintiffs' motion, but we shall address the contentions raised in their response in any event.

When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. *Bee v. Greaves,* 744 F.2d 1387, 1389 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.,* at 324, 106 S.Ct. at 2553–54.

If the moving party meets his requirement, the burden shifts to the nonmoving party, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis added). The trial judge then determines whether a trial is needed, "whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.*

In this case, plaintiffs bear the burden of establishing the following facts in order to prevail on their claim of copyright infringement: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that they are the proprietors of the copyrights of the compositions involved in this action; (4) that the compositions were performed publicly for profit on June 27 and 28, 1987, at Biggy's in Wichita, Kansas; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performances. *See, e.g., Ackee Music, Inc. v. Williams,* 650 F.Supp. 653, 655 (D.Kan. 1986); *Broadcast Music, Inc. v. Allen–Genoa Rd. Drive-In, Inc.,* 598 F.Supp. 415, 416–17 (S.D.Tex.1984).

Having carefully reviewed the record, the court finds that the plaintiffs are entitled to summary judgment because there is no genuine issue of material fact present. The record shows that plaintiffs' copyrighted songs were performed by a band at Biggy's on June 27 and 28, 1987, without the permission of the plaintiffs. The defendants have failed to set forth any specific facts showing that there is a

genuine issue for trial. Defendants have suggested that plaintiffs' copyrighted compositions were not performed for profit because Biggy's never made a profit during its operation. This contention is clearly without merit. There is some dispute whether the plaintiffs must even prove that the defendants' public performance was done for profit. *See Almo Music Corp. v. 77 East Adams, Inc.*, 647 F.Supp. 123 (N.D.Ill.1986). However, we need not reach this issue since the record clearly establishes that the compositions in question here were performed publicly for profit. The admission charge at the door of Biggy's and the sale of alcoholic beverages demonstrate that the activity was one for profit. *Warner Bros., Inc. v. O'Keefe*, 468 F.Supp. 16, 20 (S.D.Iowa 1977). The fact that the defendants were unsuccessful in their operation is not relevant.

Defendants also assert that they should not be liable because they asked the performers to "use only their own or approved material." This fact, even if true, does not constitute a defense to copyright infringement. Specific instructions to performers not to play copyrighted songs will not relieve a defendant of liability if in fact the songs were performed. *Ackee Music, Inc. v. Williams, supra,* at 656; *Warner Bros., Inc. v. O'Keefe, supra,* at 20; *KECA Music, Inc. v. Dingus McGee's Co.*, 432 F.Supp. 72, 74–5 (W.D.Mo.1977). Owners of entertainment establishments have long been held vicariously liable for infringements of a hired performer. Therefore, defendants' contention that they should not be liable because the band was instructed not to play copyrighted songs is without merit.

In sum, the court finds that the plaintiffs' motion for summary judgment should be granted. The relief requested by the plaintiffs is proper. The defendants shall be permanently enjoined from playing all compositions involved in this action and from causing or permitting these compositions to be played. The court further finds that pursuant to 17 U.S.C. § 504(c), plaintiffs should be awarded $800.00 for each count of copyright infringement. Thus, statutory damages of $4,000.00 shall be assessed against the defendants. In addition, plaintiffs shall be awarded attorneys' fees and costs pursuant to 17 U.S.C. § 505. Plaintiffs' counsel have documented a total of 10.4 hours spent in this litigation. The court finds this total reasonable. The court shall award plaintiffs $90.00 per hour for the work of their attorneys.

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment be hereby granted.

IT IS FURTHER ORDERED that defendants and all persons acting under their direction, control, permission or authority be permanently enjoined and restrained from publicly performing the compositions involved in this action, and from causing or permitting these compositions to be broadcast from any place owned, controlled or conducted by them, and from aiding and abetting the public performance of these compositions in any such place.

IT IS FURTHER ORDERED that plaintiffs be awarded statutory damages against the defendants in the amount of $4,000.00.

IT IS FURTHER ORDERED that plaintiffs be awarded attorneys' fees against the defendants in the amount of $936.00.

IT IS FURTHER ORDERED that plaintiffs be awarded costs against the defendants in the amount of $175.00.

IT IS SO ORDERED.