**Jacques LOUSSIER, Plaintiff,**

v.

**UNIVERSAL MUSIC GROUP, INC., Interscope Records, Inc., Interscope Records, L.L.C., Marshall Mathers p/k/a Eminem, Andre Young, p/k/a Dr. Dre, Defendants.**

**No. 02 Civ. 2447(KMW)(RLE).**

United States District Court, S.D. New York.

April 10, 2003.

Martin Garbus, Davis & Gilbert, LLP, David Y. Atlas, Frankfurt, Garbus, Kurnit, Klein & Selz, PC, New York City, for Plaintiff.

Michael T. Mervis, Proskauer, Rose, LLP, New York City, for Defendants.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is a motion by defendants Universal Music Group, Interscope Records, Marshal Mathers ("Eminem") and Andre Young ("Dr. Dre") (collectively "defendants") for a protective order pursuant to Federal Rule of Civil Procedure 26(c) seeking to designate the videotaped and stereographically recorded depositions of certain parties. The plaintiff Jacques Loussier ("Loussier") has also filed a motion to compel discovery of any complaints and cease and desist letters and the disposition of those claims against Dr. Dre for copyright infringement. For the following reasons, the defendant's motion seeking a protective order is **DENIED** and plaintiff's motion to compel is **DENIED WITHOUT PREJUDICE.**

### II. BACKGROUND

Initially, the Court notes that the course of discovery thus far has been quite contentious between the attorneys, and the Court has been inundated with letters from both sides on discovery matters which, in a more perfect world, would have been worked out between the parties without the Court's intervention. This case involves a simple copyright matter involving the song "Kill You," a song performed by Eminem and produced by Dr. Dre. Loussier filed a complaint on May 31, 2000, seeking damages for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq. See* First Amended Complaint ("Amend.Compl.") at ¶ 5. On October 11, 2002, the parties entered into a

Stipulation and Order of Confidentiality ("Stipulation"). The stipulation allowed the parties to designate certain discovery materials as "confidential material" or "highly confidential material" so long as the material met with certain criteria.

On November 14, 2002, a videotaped deposition of Dr. Dre ("Dre Dep.") was conducted by counsel for plaintiff. On December 2, 2002, a videotaped deposition of Eminem ("Eminem Dep.") was conducted by counsel for plaintiff. At the end of the Eminem deposition, counsel for defendants designated the deposition "confidential under the protective order that's been entered in this case." Eminem Dep. at 166, 1. 13–14. On December 18, 2002, plaintiff's counsel sent a letter to the Court asking that the confidential designation be removed from the Dr. Dre and Eminem depositions. Defendants' counsel submitted a letter brief on January 14, 2003 ("Def.Br."), asking that the depositions remain confidential pursuant to both the stipulation and by law. See Def. Br. at 1. After the issue was fully briefed, the Court held a conference with the parties on February 25, 2003, at which each side was allowed to express its concerns. The Court made several suggestions to address these concerns short of a court order. However, by letter dated February 26, 2003, counsel for defendants indicated the Court's suggestions did not resolve the dispute.

By letter dated March 6, 2003, after failing to resolve the issue with defendants, Loussier brought a motion to the Court seeking to compel Dr. Dre to produce "information relating to other copyright infringement claims that have been asserted against" him. See Plaintiff's Letter Brief dated March 6, 2003 ("Pl.Br.") at 1. Defendants objected to this request, arguing that any such information would be inadmissible character evidence. See Defendant's Opposition Letter ("Def.Opp.") at 1. By Order dated March 31, 2003, District Judge Kimba Wood determined that this trial will be bifurcated, with the liability phase being tried first, and then, if necessary, discovery on damages will be allowed followed by a trial on damages. See Letter from Sarah Edelman dated March 27, 2003, memorandum endorsed March 31, 2003.

## III. DISCUSSION

### A. The Videotaped Depositions

■ Defendants contend that the depositions should be deemed confidential, and thus a protection order should issue, based upon the stipulation. See Def. Opp. at 1. However, there is no language in the stipulation which allows for an objective determination of what material should be deemed confidential. While parties to litigation can agree among themselves what information, if any, they will not release to the public, the Court has the power to decide what material will ultimately be unavailable to the public. The reasons for this are clear:

> The inherent pressures of litigation will often provoke parties to consent to protective orders during discovery. Frequently, a party will agree to the opposing party's request for a protective order so as to expedite the discovery process and reduce the cost of litigation. There are plainly many incentives for parties to agree to a protective order, while there are few incentives for parties to oppose one. Moreover, a party consenting to a protective order will rarely, if ever, take into consideration the public's interest in such matters. In such cases, the good cause requirement [of Federal Rule of Civil Procedure 26(c)] acts as a guardian of the public's right of access to discovery documents by requiring parties to make a threshold showing before documents will be withheld from public view.

The Akron Beacon Journal; Havens v. Metropolitan Life Insurance Company, 1995 WL 234710 *12 (S.D.N.Y.1995). Therefore, to the extent defendants argue that the stipulation mandates that the deposition be sealed, defendant's motion is **DENIED**.

■ Federal Rule of Evidence 26(c) provides, in pertinent part, that "[u]pon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." FED.R. CIV.P. 26(c). Under the rules, there

is a presumptive right of public access to discovery in all civil cases. *See Akron Beacon*, 1995 WL 234710 at *10. Therefore, the party seeking to have access to discovery materials restricted has the burden of proving the necessity of a protective order. *See In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir.), *cert. denied sub nom. Dow Chemical Company v. Ryan*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987).

█ The burden to show good cause is clearly on defendants. Defendants "must show an adequate reason [for sealing the depositions], by a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Akron Beacon*, 1995 WL 234710 at *10 (citations omitted). Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citation omitted). Defendants argue that substantial harm will come to both Dr. Dre and Eminem if the depositions are not sealed. They rely on *Paisley Park Enterprises, Inc. v. Uptown Productions*, 54 F.Supp.2d 347 (S.D.N.Y. 1999). In that case, defendants ran an unofficial website dedicated to the music artist Prince. *See Paisley Park*, 54 F.Supp.2d at 347. Defendants were being sued for copyright and trademark infringement for "improperly making unauthorized use of [Prince's] name, likeness, photographs and other intellectual property," both in magazines and on their website. *Id.* at 348. Before allowing a videotaped deposition of Prince to go forward, plaintiff sought a protective order to seal the deposition for fear that it would be used "to usurp from [Prince] the very business opportunities that give rise to the interest that would be reported about." *Id.* In granting the protective order, the Court made note that "[t]he pleadings, defendants' notice of [Prince's] deposition, and press releases concerning the case" were all on the defendants' website. *Id.* More importantly, the Court stated that "when asked during [a] conference call whether defendants would agree that they would not disseminate or make other non-litigation use of a videotape of the deposition, defendants' counsel responded that he was not authorized to do so." *Id.* Therefore, the Court found that "there is every reason to believe that defendants' motive in seeking to videotape the deposition is at least in part to generate notoriety for themselves and their business ventures by making non-litigation use of the videotape." *Id.*

█ In the case before this Court, the facts are quite different from those in *Paisley Park*. Most telling, at a conference with the Court on February 25, 2003, in response to a specific question from the Court, the plaintiff stated that there was no intention to make commercial gain from the use of the depositions, nor was there any intention to shop them around, or issue public notice of their existence. Further, counsel for the defendants accepted this as fact, and feared only the prospect of release of the tapes should a news organization contact plaintiff's counsel on their own. Furthermore, unlike in *Paisley Park*, there is no apparent financial gain to the plaintiff by public release of this deposition.

The defendants also argue that the protective order should be granted to prevent "annoyance, embarrassment, oppression, or undue burden or expense." *See* Def. Br. at 4–5. Defendants have claimed that the character of the questions posed during the deposition reveal plaintiff's intent to embarrass and harass the defendants. *See* Def. Br. at 4–5. However, to the extent that the questions were indeed embarrassing or harassing, the protective order should have been sought contemporaneous to the deposition. Further, during the course of the deposition of Eminem, the parties contacted the Court at the behest of plaintiff's counsel. *See* Eminem Dep. at 145, 1. 6–157, 1. 8. At no time did defendants' counsel make an oral motion to the Court, nor indicate any intent to the Court to seek a protective order based on the questions asked of Eminem at the deposition. Finally, after a close examination of the transcripts of the depositions, the only people who would likely benefit from sealing the depositions are both attorneys, whose conduct was both annoying and embarrassing. Therefore, defendant's request for a protective order is **DENIED.**

## B. Plaintiff's Discovery Request

█ Loussier brings this action against defendants pursuant to 17 U.S.C. § 501 *et seq.*, alleging copyright infringement. *See* Amend. Compl. at ¶ 5. Loussier has brought a motion to compel defendants to produce information relating to prior copyright infringement claims against Dr. Dre. *See* Pl. Br. at 1. Loussier alleges that he will use this evidence as proof of habit. However, the Court is currently supervising discovery for the liability phase of the trial, and discovery for the damages phase of the trial, if necessary, will come later. The law is clear that in order to prevail on a claim for copyright infringement, the plaintiff must prove that "(1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by copying protected elements of the plaintiff's work." *Lipton v. The Nature Company*, 71 F.3d 464, 469 (2d Cir.1995) (*citing Key Publications v. Chinatown Today Publishing Enterprises*, 945 F.2d 509, 514 (2d Cir.1991)). "Intent is not an element of copyright infringement; the 'innocent infringer' will not escape liability through absence of scienter." *Nationwide Educational Development Corporation v. Rex Communications, Inc.*, 1990 WL 64595 *3 (S.D.N.Y.1990) (*citing Fitzgerald Publishing Company, Inc. v. Baylor Publishing Company, Inc.*, 807 F.2d 1110, 1113 (2d Cir.1986)); *see also, Coleman v. ESPN, Inc.*, 764 F.Supp. 290, 295 (S.D.N.Y. 1991) ("Intent is not an element of copyright infringement."). Accordingly, proving that a defendant has a habit of copyright infringement will not add anything to a trial on liability.

However, "[u]nder 17 U.S.C. § 504(c)(2), a plaintiff is entitled to enhanced statutory damages of up to $100,000 upon proof that a defendant's infringement was willful." *Lipton*, 71 F.3d at 469; *see also, Twin Peaks Productions, Inc. v. Publications International, Ltd.*, 996 F.2d 1366, 1381 (2d Cir. 1993). Judge Wood has ordered that the case be bifurcated, and discovery on damages should occur after the liability phase of the trial is completed. The Court does not intend to suggest that the request will be granted, only that it is premature. Loussier's motion to compel is **DENIED WITHOUT PREJUDICE.**

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for a protective order is **DENIED,** and plaintiff's motion to compel is **DENIED WITHOUT PREJUDICE.**